UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICHAEL B. WILLIAMS,

    Petitioner,

    v.

PAM AHLIN, Executive Director,

    Respondent.

                          /

No. C 11-3787 PJH (PR)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

    This case was opened when petitioner, a prisoner at Coalinga State Hospital, filed a petition for a writ of habeas corpus directed to an April 8, 2010, decision of the Probate Division of the Contra Costa Superior Court. He contended that the court improperly allowed funds from his deceased father's estate to be used to pay the administrator and her lawyer. The court dismissed the petition because petitioner's claim cannot be brought in habeas, as it does not go to the legality of his confinement or the length of it. Petitioner has filed a notice of appeal and request for a certificate of appealability ("COA").

    A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance that the claim is not properly brought in habeas, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

    "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the

prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

The petition was dismissed because it did not involve even the conditions of petitioner's confinement, much less the fact of that confinement or its duration. Reasonable jurists would not find the court's conclusion on this point debatable or wrong. The request for a certificate of appealability (document number 7 on the docket) is **DENIED**.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Petitioner may then ask the Court of Appeals to issue the certificate. *See* R. App. P. 22(b)(1).

**IT IS SO ORDERED.**

Dated: November 28, 2011.

_____
PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.11\WILLIAMS,M 3787.COA.wpd